**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14–cv–00844–REB–KMT

DRIVE SUNSHINE INSTITUTE, and
CLIFF SMEDLEY,

      Plaintiffs,

v.

HIGH PERFORMANCE TRANSPORTATION ENTERPRISE,
MICHAEL CHEROUTES, ESQ., in his capacity as Director of HPTE and as an
individual,
TIM GAGEN, in his capacity as Chair of the HPTE Board of Directors and as an
individual,
KATHY GILLILAND, in her capacity as Vice-Chair (and at times Acting Chair) of the
HPTE Board of Directors and as an individual,
DOUG ADEN, HPTE Board Member, as an individual,
BRENDA SMITH, HPTE Board Member, as an individual,
DON MARISTICA, HPTE Board Member, as an individual,
GARY REIFF, ESQ., HPTE Board Member, as an individual,
TREY ROGERS, ESQ., HPTE Board Member, as an individual,
JANE HICKEY, in her capacity as Secretary of the HPTE Board and as an individual,
JOHN SUTHERS, ESQ., in his capacity as Colorado State Attorney General and as an
individual,
KATHRYN E. YOUNG, ESQ., in her capacity as First Assistant Attorney General and
counsel for HPTE and as an individual,
JOHN DOE 1, ESQ., in his capacity within the Colorado Solicitor General's Office and
as an individual,
JORDAN CHASE, ESQ., in his capacity as Assistant Attorney General and counsel for
HPTE and as an individual,
KUTAK ROCK LLP, in its capacity as counsel for HPTE and as an individual,
MICHAEL THOMAS, ESQ., as counsel for HPTE and as an individual,
THOMAS WEIHE, ESQ., as counsel for HPTE and as an individual,
HOGAN LOVELLS US LLP, in its capacity as counsel for HPTC and as an individual,
MIKE MATHEOU, ESQ., as counsel for HPTE and as an individual,
DAVID SCOTT, ESQ., as counsel for HPTE and as an individual,
COLORADO TRANSPORTATION COMMISSION,
COLORADO DEPARTMENT OF TRANSPORTATION,
AMY FORD, in her capacity as HPTE Communications Director and as an individual,
GOLDMAN, SACHS & CO.,
BANK OF NEW YORK MELLON TRUST COMPANY, N.A.,
FITCH RATINGS, INC., and

PLENARY ROADS DENVER LLC,

Defendants.

---

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

---

**Blackburn, J.**

This matter is before me on the **Verified Motion for Temporary Restraining Order and Preliminary Injunction** [#26][1] filed September 17, 2014[2].  I deny the motion for temporary restraining order and set a briefing schedule for the motion for preliminary injunction.

## I.  JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question) and § 1367 (supplemental).

## II.  BACKGROUND

The complaint [#4] and the motion for temporary restraining order describe the operation of defendant High-Performance Transportation Enterprise (HPTE) and related entities.  According to the complaint, the HPTE is a government owned business within the Colorado Department of Transportation.  HPTE is a key entity managing a project for the expansion of U.S. Highway 36 between Denver and Boulder.  According to the plaintiffs, HPTE has repeatedly violated Colorado statutes, such as the Colorado Open Records Act §24-72-200.1 et seq., C.R.S. (CORA), the Colorado Sunshine Laws, §24-6-401 et seq. , C.R.S. (Sunshine Laws), the Colorado State

---

[1]   "[#26]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2]   As filed, the motion is not in compliance with the requirements of D.C.COLO.LCivR 65.1.

Administrative Procedure Act, §24-4-401 et seq., C.R.S. (APA), and a provision of the

Constitution of the State of Colorado known as TABOR.  COLO. CONST., Art. X, § 20.

On June 27, 2013, the HPTE purportedly entered into a fifty-year concession

agreement with Plenary Roads Denver LLC (Plenary).  Apparently, the concession

agreement permits Plenary to take control of managed lanes in the US 36 expansion

project.  In the view of the plaintiffs, the HPTE improperly embedded public policy

changes in the concession agreement without complying with CORA, the Sunshine

Laws, the APA, and TABOR.  In plaintiffs' view, the approval of the concession

agreement is void *ab initio*, because the HPTE did not comply with the requirements of

Colorado law before approving the agreement.   Now, the plaintiffs assert, the HPTE

plans to ratify an amended and restated concession agreement at a meeting scheduled

for yesterday, September 17, 2014.  With regard to the amended and restated

agreement, the plaintiffs allege, the HPTE again has not complied with the requirements

of Colorado law and, therefore, it cannot validly approve the amended and restated

agreement.

Although not entirely clear, it appears that the September 17, 2014, meeting was

the impetus for the filing of the motion for temporary restraining order and preliminary

injunction on the morning of September 17, 2014.  In the view of the plaintiffs, the

> HPTE seeks to rush forward the arguable effective date of the Amended
> and Restated Concession Agreement in order to counter Plaintiffs' stated
> intention to seek a preliminary injunction of JPTE violations of the law - the
> sooner that HPTE can justify turning over control of the US 36 Expansion
> Project to Plenary, the sooner JPTE and the other Defendants can attempt
> to argue that the public is not entitled to enjoin the project or Pleanry's
> rights thereunder because doing so would disrupt the status quo.

*Motion* [#26], p. 21.

In their motion, the plaintiffs seek the entry of a temporary restraining order

against some, but not all of the named defendants.  The plaintiffs seek a temporary restraining order which provides more than 20 discrete forms of relief.  *Motion* [#26], pp. 120 - 123.  For example, they seek an order prohibiting the implementation and enforcement of all rules made or announced by the HPTE without compliance with the APA.  However, the plaintiffs do not specify which rules they seek to have enjoined.  In addition, the plaintiffs seek an order enjoining the ratification of the amended and restated concession agreement and the implementation of myriad terms allegedly included in the amended and restated concession agreement.  Among the many policies the plaintiffs seek to have enjoined is "the implementation of snow and ice removal and mitigation policies which would permit preferential service to be rendered for express lanes compared to genera lanes of traffic."  *Motion* [#26], p. 121, ¶ 5.e.

### III.  STANDARD OF REVIEW

A temporary restraining order constitutes extraordinary relief.  A party seeking a temporary restraining order (or a preliminary injunction) must show (1) a substantial likelihood that the movant eventually will prevail on the merits; (2) that the movant will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest. *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Additionally, a party seeking a temporary restraining order also must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result absent a temporary restraining order.  FED.R.CIV.P. 65(b).

Although the plaintiffs filled 124 double spaced typewritten pages in their effort to demonstrate that they are entitled to a temporary restraining order, they have not

demonstrated clearly, with specific factual allegations, that immediate and irreparable injury will result absent a temporary restraining order.  In addition, the plaintiffs have not shown that immediate and irreparable injury, loss, or damage will result before the adverse parties can be heard in opposition to the motion.  The failure of the plaintiffs to focus in their motion on forms of relief which address only alleged immediate and irreparable injury is demonstrated by their requests for forms of relief which obviously do not address a threat of immediate and irreparable injury, such as their request for relief addressing the implementation of snow and ice removal and mitigation policies on U.S. 36.

The plaintiffs contend that the actions of the defendants are violating the First Amendment and due process rights of the plaintiffs. Violations of constitutional rights, they note, generally are seen as constituting irreparable injury.  Even if I assume the plaintiffs have demonstrated a plausible claim for violation of their First Amendment and/or due process rights, nothing in the motion shows that injunctive relief is required before the defendants can be heard in opposition to the motion. Thus, the request for a temporary restraining order will be denied.

Addressing the motion for preliminary injunction, I will set a briefing schedule and will schedule a hearing, in the event a hearing becomes necessary.  In further briefing, I direct the parties to focus their presentation of evidence and argument specifically on the essential elements which must be established to demonstrate a need for a preliminary injunction, and to avoid needlessly prolix descriptions of facts and arguments not directly relevant to those essential elements.

# IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That to the extent the plaintiffs seek the entry of a temporary restraining order, the **Verified Motion for Temporary Restraining Order and Preliminary Injunction** [#26] filed September 17, 2014, is **DENIED**;

2.  That by September 24, 2014, the defendants against whom relief is sought in the **Verified Motion for Temporary Restraining Order and Preliminary Injunction** [#26] **SHALL FILE** a response addressing the request for a preliminary injunction as stated in that motion;

3.  That by September 29, 2014, the plaintiff **SHALL FILE** a reply which shall not exceed 20 pages; and

4.  That if necessary, and absent a demonstrated need for a more immediate hearing,  the court **SHALL HEAR** the request for a preliminary injunction, as stated in the **Verified Motion for Temporary Restraining Order and Preliminary Injunction** [#26], on Wednesday, October 1, 2014, beginning at 9:00 a.m. (MDT), with a planned lunch recess from 12:30 p.m. to 1:45 p.m., and reserving the balance of the day for the hearing.[3]

Dated September 18, 2014, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[3] The hearing shall be conducted in courtroom A1001 in the Alfred A. Arraj, United States Courthouse Annex, 901 19th Street, Denver, CO 80294.  At the outset of the hearing, the court will allocate the available time between the parties.