**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14–cv–00844–REB–KMT

DRIVE SUNSHINE INSTITUTE, and
CLIFF SMEDLEY,

     Plaintiffs,

v.

HIGH PERFORMANCE TRANSPORTATION ENTERPRISE,
MICHAEL CHEROUTES, ESQ., in his capacity as Director of HPTE and as an individual,
TIM GAGEN, in his capacity as Chair of the HPTE Board of Directors and as an individual,
KATHY GILLILAND, in her capacity as Vice-Chair (and at times Acting Chair) of the HPTE Board of Directors and as an individual,
DOUG ADEN, HPTE Board Member, as an individual,
BRENDA SMITH, HPTE Board Member, as an individual,
DON MARISTICA, HPTE Board Member, as an individual,
GARY REIFF, ESQ., HPTE Board Member, as an individual,
TREY ROGERS, ESQ., HPTE Board Member, as an individual,
JANE HICKEY, in her capacity as Secretary of the HPTE Board and as an individual,
JOHN SUTHERS, ESQ., in his capacity as Colorado State Attorney General and as an individual,
KATHRYN E. YOUNG, ESQ., in her capacity as First Assistant Attorney General and counsel for HPTE and as an individual,
JOHN DOE 1, ESQ., in his capacity within the Colorado Solicitor General's Office and as an individual,
JORDAN CHASE, ESQ., in his capacity as Assistant Attorney General and counsel for HPTE and as an individual,
KUTAK ROCK LLP, in its capacity as counsel for HPTE and as an individual,
MICHAEL THOMAS, ESQ., as counsel for HPTE and as an individual,
THOMAS WEIHE, ESQ., as counsel for HPTE and as an individual,
HOGAN LOVELLS US LLP, in its capacity as counsel for HPTC and as an individual,
MIKE MATHEOU, ESQ., as counsel for HPTE and as an individual,
DAVID SCOTT, ESQ., as counsel for HPTE and as an individual,
COLORADO TRANSPORTATION COMMISSION,
COLORADO DEPARTMENT OF TRANSPORTATION,
AMY FORD, in her capacity as HPTE Communications Director and as an individual,
GOLDMAN, SACHS & CO.,
BANK OF NEW YORK MELLON TRUST COMPANY, N.A.,
FITCH RATINGS, INC., and

PLENARY ROADS DENVER LLC,

 Defendants.

# ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

**Blackburn, J.**

This matter is before me on the **Verified Motion for Temporary Restraining Order and Preliminary Injunction** [#26][1] filed September 17, 2014. In a previous order [#66], I denied the motion to the extent the plaintiffs sought a temporary restraining order. Addressing the request for a preliminary injunction, the defendants against whom a preliminary injunction is sought filed a response [#42], and the plaintiffs filed a reply [#49]. I deny the motion for preliminary injunction.[2]

## I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question) and § 1367 (supplemental).

## II. BACKGROUND

The complaint [#4] and the motion for preliminary injunction [#26] describe the operation of defendant High-Performance Transportation Enterprise (HPTE) and related entities. According to the complaint, the HPTE is a government owned business within the Colorado Department of Transportation. HPTE is a key entity managing a project for the expansion of U.S. Highway 36 between Denver and Boulder, Colorado.

---

[1] "[#26]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] The issues raised by and inherent to the motion for preliminary injunction are briefed adequately, obviating the necessity for evidentiary hearing or oral argument. *C.f.* FED. R. CIV. P. 65(a)(2). Thus, the motion stands submitted on the papers.

According to the allegations in the motion for preliminary injunction, HPTE has repeatedly violated Colorado statutes, such as the Colorado Open Records Act (CORA), part 2 of article 72 of title 24, C.R.S., the Colorado Open Meetings Law, part 4 of article 6 of title 24, C.R.S., the Colorado State Administrative Procedure Act (APA), part 4 of article 4 of title 24, C.R.S., and a provision of the Constitution of the State of Colorado known as TABOR. COLO. CONST., Art. X, § 20. In addition, the plaintiffs allege that the actions of the defendants are violating the rights of the plaintiffs under the First Amendment and the Due Process Clause of the Constitution of the United States and of the Constitution of the State of Colorado.

On June 27, 2013, the HPTE purportedly entered into a fifty-year concession agreement with defendant Plenary Roads Denver LLC (Plenary). Apparently, the concession agreement permits Plenary to build and complete the project and to take control of managed lanes in the US 36 expansion project. In the view of the plaintiffs, the HPTE improperly embedded public policy changes in the concession agreement without complying with the CORA, the Open Meetings Law, the APA, and TABOR. According to the plaintiffs, the approval of the concession agreement is void *ab initio* because the HPTE did not comply with the requirements of Colorado law before approving the agreement. The plaintiffs contend the HPTE planned to ratify an amended and restated concession agreement at a meeting scheduled for September 17, 2014. Defendant Michael Cheroutes reports in his affidavit that the HPTE tabled consideration of the proposed amendments at the September 2014 HPTE board meeting. *Response* [#42], Exhibit A (Cheroutes Affidavit), ¶ 19. The HPTE board expects to discuss the amendments at its regular October 2014 meeting. *Id.* According to the plaintiffs, the HPTE again has not complied with the requirements of Colorado law

with regard to the proposed amended and restated concession agreement. Thus, the plaintiffs contend, HTPE may not validly approve the amended and restated agreement.

Although not entirely clear, it appears that the September 17, 2014, meeting was the impetus for the filing of the motion for temporary restraining order and preliminary injunction on the morning of September 17, 2014.[3] In the view of the plaintiffs, the

> HPTE seeks to rush forward the arguable effective date of the Amended and Restated Concession Agreement in order to counter Plaintiffs' stated intention to seek a preliminary injunction of JPTE violations of the law - the sooner that HPTE can justify turning over control of the US 36 Expansion Project to Plenary, the sooner JPTE and the other Defendants can attempt to argue that the public is not entitled to enjoin the project or Pleanry's rights thereunder because doing so would disrupt the status quo.

*Motion* [#26], p. 21.

In their motion, the plaintiffs seek the entry of a preliminary injunction against some, but not all, of the named defendants. The plaintiffs seek a preliminary injunction which provides more than 20 discrete forms of relief. *Motion* [#26], pp. 120 - 123. For example, plaintiffs seek an order enjoining the implementation and enforcement of all rules made or announced by the HPTE without compliance with the APA. However, the plaintiffs do not specify which rules they seek to have enjoined. They seek an order prohibiting the adoption of any new rules by HPTE unless the procedures used are in full compliance with the APA, the CORA, the Open Meetings Law, and federal and state constitutional provisions. The plaintiffs seek an order enjoining the ratification of the amended and restated concession agreement and the implementation of myriad terms allegedly included in the amended and restated concession agreement. Among the many policies the plaintiffs seek to have enjoined is "the implementation of snow and ice removal and mitigation policies which would permit preferential service to be rendered

---

[3] The motion was filed at 5:54 a.m. (MDT).

4

for express lanes compared to general lanes of traffic." *Motion* [#26], p. 121, ¶ 5.e.  The plaintiffs also seek an order enjoining what the plaintiffs see as the rule-making aspects of the concession agreement including, *inter alia*, enjoining future toll increases initiated by Plenary if those increases are not without full compliance with the APA, the CORA, the Open Meetings Law, and federal and state constitutional provisions.  *Id.*, p. 120.

### III.  STANDARD OF REVIEW

I begin by rehearsing the familiar. A preliminary injunction constitutes extraordinary relief.  A party seeking a preliminary injunction must show (1) a substantial likelihood that the movant eventually will prevail on the merits; (2) that the movant will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest. **Lundgrin v. Claytor**, 619 F.2d 61, 63 (10th Cir. 1980).

When the moving party has established that the three harm factors tip decidedly in favor of the movant, the probability of success requirement is somewhat relaxed, and the movant need only show questions going to the merits so serious, substantial, difficult, and doubtful as to make them a fair ground for litigation. **Nova Health Systems v. Edmondson** 460 F.3d 1295, 1298 n. 6 (10th Cir. 2006).  On the other hand, some types of temporary restraining orders or preliminary injunctions are disfavored and, therefore, require the plaintiff to satisfy a heightened burden of showing that the four primary factors

> weigh heavily and compellingly in movant's favor before such an injunction may be issued.  The heightened burden applies to preliminary injunctions that (1) disturb the status quo, (2) are mandatory as opposed to prohibitory, or (3) provide the movant substantially all the relief he may recover after a full trial on the merits.

5

***Kikumura v. Hurley***, 242 F.3d 950, 955 (10th Cir. 2001) (internal quotation and citation omitted).

Having reviewed the complaint and the motion for preliminary injunction, I find and conclude that the plaintiffs seek in their motion substantially all the relief they seek in their complaint, meaning they seek substantially all the relief they could recover after a full trial on the merits. Therefore, I conclude that the plaintiffs are not entitled to a preliminary injunction unless they meet the heightened burden of showing that the four relevant factors weigh heavily and compellingly in their favor. However, even under the standard preliminary injunction analysis, I find and conclude that the plaintiffs have not shown that they are entitled to the preliminary injunction they seek.

I deny the motion for preliminary injunction without holding a hearing on the motion. Rule 65(a) does not explicitly require an evidentiary hearing before a court may rule on a motion for preliminary injunction. If the party requesting a preliminary injunction does not show that there is a dispute concerning one or more material facts relevant to the required elements, a hearing on the request for injunctive relief is not necessary. ***See, e.g., Aoude v. Mobil Oil Corp.***, 862 F.2d 890, 894 (1st Cir. 1988); ***Elliott v. Kiesewetter***, 98 F.3d 47, 53 (3d Cir. 1996); ***Anderson v. Jackson***, 556 F.3d 351, 360-61 (5th Cir. 2009). In this case, there is no indication that there is a dispute concerning a material fact relevant to the motion for preliminary injunction. The parties have had a reasonable opportunity to present relevant facts and to brief the issues. In these circumstances, a hearing is not necessary.

### IV.  ANALYSIS

#### A.  Likelihood of Success

The defendants contend that the plaintiffs have not demonstrated a substantial

likelihood that they eventually will prevail on the merits of any of their claims tied to the request for a preliminary injunction.  I agree.

In their complaint [#4], the plaintiffs assert eight claims for relief: (1) violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution; (2) violation of the right to petition guaranteed in the First Amendment of the U.S. Constitution; (3) violation of the right to free speech guaranteed in the First Amendment of the U.S. Constitution; (4) violation of the rights to due process, to petition, and to free speech under the Colorado Constitution; (5) violation of the Colorado Open Meetings Law; (6) violation of the Colorado Open Records Act; (7) violation of the Colorado Administrative Procedures Act; and (8) violation of the disclosure duties of unspecified federal securities laws in the course of issuing bonds in the name of HPTE and issuance of those bonds without authority.  The plaintiffs allege also that any defendant who is a licensed attorney owes additional duties to the plaintiffs under the Colorado Rules of Professional Conduct, including the duty of candor, the duty to exercise independent professional judgment, and the duty not to engage in conduct which violates the law.  *Complaint* [#4], ¶ 76.

**Group Pleading** - Throughout the complaint, the plaintiffs frequently make allegations in which they contend that the defendants as a large group or certain sub-sets of defendants, such as the "Agency Defendants," the "HPTE Defendants," and the "Outside Counsel Defendants," have taken certain actions.  *Complaint* [#4], pp. 40 - 50. When alleging facts in support of a claim, "the burden rests on the plaintiffs to provide fair notice of the grounds for the claims made against each of the defendants. Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually, but with no distinction as to what acts are attributable to whom, it is

impossible for any of these individuals to ascertain what particular [unlawful] acts they are alleged to have committed." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis added). To the extent the plaintiffs allege claims based on such group pleading against the defendants, I cannot conclude that the plaintiffs have shown a substantial likelihood of success on the merits of those claims. An inadequately pled claim, by definition, is not a claim which has a substantial likelihood of success on the merits.

**Claim (1) - Due Process** - The Fourteenth Amendment provides, *inter alia*, that a state may not deprive any person of "life, liberty or property without due process of law." **U.S. CONST.**, amend. XIV. Of course, the Fifth Amendment contains a similar Due Process Clause. The procedural component of due process protects "the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (citation and internal quotation marks omitted). To make out a claim for violation of the right to procedural due process, plaintiffs must show, *inter alia*, the deprivation of an interest within the ambit of the protection of the Fourteenth Amendment, that is, an interest in "life, liberty, or property." *See Ingraham v. Wright*, 430 U.S. 651, 672 (1977); *Darr v. Town of Telluride, Colo.*, 495 F.3d 1243, 1251 (10th Cir. 2007); *Elliott v. Martinez*, 675 F.3d 1241, 1244 (10th Cir. 2012).

In their complaint, the plaintiffs do not identify a liberty or property interest of which any defendant has deprived or threatens to deprive any plaintiff. *Complaint* [#4], ¶¶ 72 - 78. Absent an identified and relevant liberty or property interest, the plaintiffs are not likely to succeed on the merits of their due process claim.

**Claims (2) & (3) - First Amendment - Petition & Free Speech** - The plaintiffs allege that "HTPE interfered with and / or denied Plaintiffs' rights to petition on February

8

19, 2014 and March 19, 2014, under the First Amendment of the federal Constitution by arbitrarily and capriciously imposing alleged procedural rules of HPTE . . . ." *Complaint* [#4], ¶ 80. The plaintiffs allege also that the HPTE "interfered with and / or denied Plaintiffs' rights to free speech . . . by using its power to prevent Plaintiffs from speaking and / or having their attorney speak on their behalf because of the anticipated specific content of their speech . . . ." *Complaint* [#4], ¶ 85.

According to the plaintiffs, at a February 19, 2014, HTPE meeting, defendant Tim Gagen, chair of the HPTE board of directors, denied the request of plaintiff Cliff Smedley to permit counsel for Mr. Smedley to speak on his behalf at the meeting. *Complaint* [#4], ¶ 54. The plaintiffs challenge also the procedures used by HPTE to establish rules for this meeting. The plaintiffs describe the same scenario in their motion for preliminary injunction. *Motion* [#26], pp. 44 - 47. The plaintiffs allege that a preliminary injunction is necessary to "restrain these Defendants from continuing their stubborn refusal to accord Plaintiffs" their rights. *Complaint* [#4], ¶¶ 83, 88.

As the defendants note, the right to speak at a meeting of a government agency is far from unfettered. ***See, e.g., Shero v. City of Grove, Okl.***, 510 F.3d 1196, 1203 (10th Cir. 2007) (summarizing basic standards applicable to restrictions on speech at public meetings; three-minute time limitation imposed on speech a restriction appropriately designed to promote orderly and efficient meetings); ***Jones v. Heyman***, 888 F.2d 1328, 1333 (11th Cir. 1989) (holding that the removal of a public speaker by the mayor at a city commission meeting was not a First Amendment violation and thus permissible because "to deny the presiding officer the authority to regulate irrelevant debate and disruptive behavior at a public meeting ... would cause such meetings to drag on interminably, and deny others the opportunity to voice their opinions"); ***Wright***

***v. Anthony***, 733 F.2d 575, 577 (8th Cir.1984) (noting that restriction during public debate "may be said to have served a significant governmental interest in conserving time and in ensuring that others had an opportunity to speak").

Given the circumstances described in the motion for preliminary injunction, I find that the plaintiffs have not demonstrated a substantial likelihood of success on their First Amendment claims. The HTPE is permitted to impose reasonable restrictions on speech in an effort to run orderly meetings. On the current record, there are significant questions about whether or not the restrictions at issue here were unreasonable. Equally important, the plaintiffs allege restrictions on speech at the February 19, 2014, HTPE meeting and, to some extent, at the March 19, 2014, HTPE meeting. The plaintiffs appear to infer that similar and purportedly unlawful restrictions will be imposed at all HTPE meetings. However, there is little in the record to support the inference that the HTPE will impose improper restrictions at future meetings. A preliminary injunction cannot remedy allegedly improper restrictions imposed last February or March. The allegations of the plaintiffs do not show a substantial likelihood that the HTPE will impose unlawful restrictions on the speech in the future. I find that the plaintiffs have not shown a substantial likelihood of success on the merits of their First Amendment claims.

**Claims (1), (2), & (3) - Personal Participation** - The federal constitutional claims of the plaintiffs are brought under 42 U.S.C. § 1983. When asserting a § 1983 claim against an individual defendant, the plaintiffs must allege personal participation in the alleged violation by that individual defendant. "Personal participation is an essential allegation in a § 1983 claim." ***Bennett v. Passic***, 545 F.2d 1260, 1262 - 1263 (10th Cir.1976). Generally, as to defendants Michael Cheroutes, Kathy Gilliland, Doug Aden,

Brenda Smith, Don Marostica, Gary Reiff, Trey Rogers, John Suthers, and Jordan Chase, the plaintiffs fail to allege personal participation by these defendants in any alleged constitutional violation. At most, the plaintiffs make conclusory allegations of constitutional violations by these defendants, including improper group pleading allegations against these defendants. Absent allegations of personal participation as to an individual defendant, I cannot conclude that the plaintiffs have shown a substantial likelihood of success on the merits of a § 1983 claim against that individual defendant.

**Claim (4) - Colorado Constitution** - As alleged in the complaint, the claims of the plaintiffs under the Colorado Constitution essentially parallel their due process, right to petition, and right to free speech claims under the U.S. Constitution. For the same reasons noted with regard to the federal constitutional claims of the plaintiffs, I find that the plaintiffs have not shown a substantial likelihood of success on the merits of their state constitutional claims.

**Claim (5) - Colorado Open Meetings Law** - The plaintiffs allege the HPTE violated the Open Meetings Law by its failure to specify a central place where the plaintiffs can find full and timely notice of scheduled HPTE meetings and agendas, failure to update its mater calendar to reflect 2014 meeting dates, failure to provide a specific agenda for meetings when possible, failure to adhere to agendas, and failure to provide information necessary for the plaintiffs to provide meaningful comment at HPTE meetings. As noted by the defendants in their response [#42], there is, at minimum, significant debate about precisely what the Open Meetings Law requires of the HPTE. Given that debate, I find that the plaintiffs have not shown a substantial likelihood of success on the merits of their Open Meetings Law claim.

**Claim (6) - Colorado Open Records Act (CORA)** - The plaintiffs allege that

11

HPTE and defendant Michael Cheroutes violated CORA by withholding from the plaintiffs complete copies of contracts relevant to HPTE's operations. *Complaint* [#4], ¶¶ 98 - 102. The defendants contend CORA does not provide a private right of action for violation of its provisions. I disagree. Under §24-72-204(5), C.R.S., a person denied the right to inspect any record covered by the act "may apply to the district court of the district wherein the record is found for an order directing the custodian of such record to show cause why the custodian should not permit the inspection of such record." Section 24-72-204 (5.5), C.R.S. provides a procedure for records of an executive session. There is a private right of action to remedy a violation of CORA, but the plaintiffs in this case have not sought to assert that right of action. The plaintiffs must assert the right of action provided specifically in the applicable statute before attempting to seek broader relief not specified in the applicable statute. Absent an effort by the plaintiffs to assert the specific relief available under CORA, I conclude that the plaintiffs have not shown a substantial likelihood of success on the merits of their CORA claim, as alleged in the complaint.

**Claim (7) - Administrative Procedures Act (APA)** - In their complaint, the plaintiffs allege that HTPE is required to comply with the APA "when taking legislative rule-making actions, yet they have failed to do so." *Complaint* [#4], ¶ 104. As an example, the plaintiffs allege HPTE failed to follow the APA when setting tolls and toll policies. The defendants contend adherence to APA procedures is required "(w)hen any agency is required or permitted by law to make rules . . . ." §24-4-103(1), C.R.S. This requirement is not applicable to HTPE, the defendants assert, because HTPE has specific statutory authority to "impose user fees" and to operate toll highways. §43-4-806(2)(c)(I), C.R.S. Under §24-4-107, C.R.S., "where there is a conflict between this

12

article [the APA] and a specific statutory provision relating to a specific agency, such specific statutory provision shall control as to such agency."

At minimum, there is a strong argument that §24-4-107, C.R.S., considered in light of the specific authorization of §43-4-806(2)(c)(I), C.R.S., excludes HTPE from the requirements of the APA. Given this strong argument, I conclude that the plaintiffs have not shown a substantial likelihood of success on the merits of their APA claim, as alleged in the complaint.

**Claim (8) - Duty Not To Take Unauthorized Actions** - In this claim, the plaintiffs allege, *inter alia*:

> (A)ll Defendants" participated in issuing bonds in the name of HPTE which each knew or reasonably should have known were not duly authorized. In doing so, Defendants engaged in violations of their disclosure duties under the federal securities laws, placing the welfare of HPTE in jeopardy and harming Plaintiffs, including, without limitation, harming Plaintiffs in their capacities as third party beneficiaries of all transactions made in the name of HPTE because Plaintiffs actual use of the Colorado resources over which HPTE exerts authority and which are the subject of these transactions is impaired.

*Complaint* [#4], ¶ 108. The plaintiffs seek a judgment declaring "that Defendants' failure to adequately advise investors of the material risk and material potential effects of unauthorized acts taken in the name of HPTE constitute violation of the duties to HPTE, to investors, and to Plaintiffs," so defendants will more clearly understand thier duties." In the motion for preliminary injunction, the plaintiffs seek an order requiring accurate disclosures to myriad people and entities concerning the bonds, and restraining issuance of future bonds without prior disclosure. *Motion* [#26], p. 122.

There are multiple problems with this claim which preclude a finding that the plaintiffs have shown a substantial likelihood of success on this claim. Notably, the plaintiffs do not allege any specific source of the alleged duty of disclosure. They do not

13

allege that they are investors in HPTE bonds or that the defendants had a duty to disclose bond information to the plaintiffs. HPTE has statutory authority to issue bonds and the plaintiffs allege nothing specific about why the bonds in question were issued in excess of that statutory authority. Finally, as pled, this claim suffers fatally from group pleading against the defendants. To rehearse yet again, an inadequately pled claim is not a claim which has a substantial likelihood of success on the merits.

**Claim (9) - Taxpayer's Bill of Rights (TABOR)** - In their motion for preliminary injunction [#26], the plaintiffs allege violation by the defendants, or some of them, of a provision of the Constitution of the State of Colorado known as TABOR. COLO. CONST., Art. X, § 20. In their complaint [#4], the plaintiffs do not allege a TABOR claim. A party seeking a preliminary injunction must establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). Absent such a relationship, a plaintiff cannot demonstrate a substantial likelihood of success on the merits of the claim underlying the request for preliminary injunction. Absent a TABOR claim in their complaint, the plaintiffs in this case cannot show a substantial likelihood of success on a TABOR claim. To the extent the motion for preliminary injunction seeks relief under TABOR, there is no present basis to consider such relief.

### B.  Irreparable Injury

In their motion [#26], the plaintiffs rely on their First Amendment rights, and the relationship of those rights to statutes such as the APA, CORA, and the Open Meetings Law, to show irreparable injury. To rehearse, the plaintiffs have not shown a substantial likelihood that they will prevail on their First Amendment claims or their claims under the state laws purportedly related to the First Amendment. Absent such a showing, there is

no basis to conclude that the plaintiffs will suffer irreparable injury absent a preliminary injunction.

## V.  CONCLUSION & ORDER

The plaintiffs have not demonstrated a substantial likelihood of success on the merits of any of their claims; nor have they shown that they will suffer irreparable injury absent the entry of a preliminary injunction.  On the current record, the plaintiffs are not entitled to a preliminary injunction.

**THEREFORE, IT IS ORDERED** that the **Verified Motion for Temporary Restraining Order and Preliminary Injunction** [#26] filed September 17, 2014, is **DENIED**.

Dated October 7, 2014, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge