IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–00844–REB–KMT

DRIVE SUNSHINE INSTITUTE, and
CLIFF SMEDLEY,

    Plaintiffs,

v.

HIGH PERFORMANCE TRANSPORTATION ENTERPRISE,
MICHAEL CHEROUTES, ESQ., in his capacity as Director of HPTE and as an individual,
TIM GAGEN, in his capacity as Chair of the HPTE Board of Directors and as an individual,
KATHY GILLILAND, in her capacity as Vice-Chair (and at times Acting Chair) of the HPTE Board of Directors and as an individual,
DOUG ADEN, HPTE Board Member, as an individual,
BRENDA SMITH, HPTE Board Member, as an individual,
DON MARISTICA, HPTE Board Member, as an individual,
GARY REIFF, ESQ., HPTE Board Member, as an individual,
TREY ROGERS, ESQ., HPTE Board Member, as an individual,
JANE HICKEY, in her capacity as Secretary of the HPTE Board and as an individual,
JOHN SUTHERS, ESQ., in his capacity as Colorado State Attorney General and as an individual,
KATHRYN E. YOUNG, ESQ., in her capacity as First Assistant Attorney General and counsel for HPTE and as an individual,
JOHN DOE 1, ESQ., in his capacity within the Colorado Solicitor General's Office and as an individual,
JORDAN CHASE, ESQ., in his capacity as Assistant Attorney General and counsel for HPTE and as an individual,
KUTAK ROCK LLP, in its capacity as counsel for HPTE and as an individual,
MICHAEL THOMAS, ESQ., as counsel for HPTE and as an individual,
THOMAS WEIHE, ESQ., as counsel for HPTE and as an individual,
HOGAN LOVELLS US LLP, in its capacity as counsel for HPTC and as an individual,
MIKE MATHEOU, ESQ., as counsel for HPTE and as an individual,
DAVID SCOTT, ESQ., as counsel for HPTE and as an individual,
COLORADO TRANSPORTATION COMMISSION,
COLORADO DEPARTMENT OF TRANSPORTATION,
AMY FORD, in her capacity as HPTE Communications Director and as an individual,
GOLDMAN, SACHS & CO.,
BANK OF NEW YORK MELLON TRUST COMPANY, N.A.,
FITCH RATINGS, INC., and

PLENARY ROADS DENVER LLC,

    Defendants.

## ORDER

This matter is before the court on "Defendant Kutak Rock LLP, Michael Thomas, and Thomas Weihe's Partially Unopposed Motion to Stay Pending Qualified Immunity Determination" (Doc. No. 46, filed Sept. 29, 2014); "Goldman Sachs' Motion to Stay Discovery Pending Qualified Immunity Determination and Joinder" (Doc. No. 53, filed Sept. 30, 2014); and the "State Defendants' Motion to Stay Proceedings Pending Determination of Immunity and Standing Issues" (Doc. No. 71, filed Oct. 14, 2014).  Plaintiffs did not file a response to any of the motions to stay.[1]  For the following reasons, the motions to stay are GRANTED.

In their Amended Complaint (Doc. No.4, filed Mar. 24, 2014), Plaintiffs assert three claims against 27 defendants, pursuant to 42 U.S.C. § 1983, for violations of their rights to due process, petition the government, and free speech under the United States Constitution, as well as five state law claims for similar violations of the Colorado Constitution and a number of state statutes.  Plaintiffs' claims are largely premised on alleged irregularities and improprieties occurring at a February 19, 2014 public meeting of the board of Defendant High Performance Transportation Enterprise ("HPTE"), at which bonds designed to finance the expansion of U.S. Highway 36 between Denver and Boulder, Colorado were discussed.

---

[1] Plaintiffs' Response to the State Defendants' Motion to Stay—*i.e.* the most recently-filed motion to stay—was due no later than November 7, 2014.  *See* D.C.COLO.LCiv 7.1(d); Fed. R. Civ. P. 6(d).  Despite representing to the State Defendants that they opposed a stay of discovery, Plaintiffs did not file a response on or before that date.

On September 15, 2014, Defendants Kutak Rock LLP, Michael Thomas, and Thomas Weihe (the "Kutak Rock Defendants") arguing, *inter alia*, that they are entitled to qualified immunity from Plaintiff's § 1983 claims.  Similarly, on September 17, 2014, Defendants HPTE, Ceroutes, Gagen, Gilliland, Ford, Aden, Smith, Marostica, Reiff, Rogers, Hickey, Suthers, Young, Chase, the Colorado Transportation Committee (CTC), and the Colorado Department of Transportation (CDOT) (hereinafter the "State Defendants") filed a separate Motion to Dismiss, which also argues, *inter alia,* that Plaintiff's § 1983 claims are properly dismissed based on Eleventh Amendment and qualified immunity.  In the motions to stay, the State and Kutak Rock Defendants, as well as Defendant Goldman, Sachs & Co. ("Goldman Sachs") move for a stay of discovery in this action until it is determined, by way of a ruling on their motions to dismiss, whether the State and Kutak Rock Defendants are entitled to qualified immunity.

Immunity provisions, whether qualified, absolute or pursuant to the Eleventh Amendment, are meant to free officials from the concerns of litigation, including avoidance of disruptive discovery.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (citing *Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring in judgment)); *see also Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992) (noting that qualified immunity, if successful, protects an official both from liability and the ordinary burdens of litigation, including far-ranging discovery) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)).  As explained by the Court in *Iqbal*, there are serious and legitimate reasons for this protection:

> If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed.  Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be

3

> directed to the proper execution of the work of the Government. The costs of diversion are only magnified when Government officials are charged with responding to [the burdens of litigation discovery].

*Id.* at 685.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006). Fed. R. Civ. P. 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(c). Moreover,

> [t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). An order staying discovery is thus an appropriate exercise of this court's discretion. *Id.*

Additionally, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, at 198 (3d ed. 2010). Although a stay of all discovery is generally disfavored, *see Bustos v. U.S.*, 257 F.R.D. 617, 623 (D. Colo. 2009), a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D.

Fla. 2003). *See also Vivid Techs., Inc. v. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved"). When considering a stay of discovery, this court considers: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. 1987)).

Because Plaintiffs did not respond to the motions to stay, their interest in proceeding expeditiously with this matter does not weigh heavily in the court's analysis. In any event, the court finds that this interest is overcome by the burden the State and Kutak Rock Defendants might face if they were forced to proceed with discovery in spite of well-established precedent supporting a stay when an immunity defense has been raised. Further, although qualified immunity is a potential defense only as to Plaintiffs' individual-capacity claims under § 1983, *see Rome v. Romero,* 225 F.R.D. 640, 643-644 (D. Colo. 2004), the Supreme Court has recognized:

> It is no answer to these concerns [of avoiding disruptive discovery] to say that discovery can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Iqbal,* 556 U.S. at 685. As such, proceeding with discovery as to claims that are not subject to the assertion of qualified immunity is not a permissible alternative. Additionally, discovery

should be stayed in the case as a whole even though only some of the defendants are asserting qualified immunity as a defense.

The third *String Cheese* factor also favors a stay. Although the court has an interest in managing its docket by seeing cases proceed expeditiously, any inconvenience that might result from rescheduling the docket is outweighed by the potential waste of judicial and party resources that would result from allowing discovery to proceed, only to have the case dismissed in its entirety on the grounds raised in the motions to dismiss. *See Nankivil*, 216 F.R.D. at 692 (a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action.").

Finally, neither the interest of nonparties nor the public interest in general prompt the court to reach a different result. Accordingly, on balance, the court finds that a stay of discovery is appropriate in this case. Therefore, it is

**ORDERED** that the "Defendant Kutak Rock LLP, Michael Thomas, and Thomas Weihe's Partially Unopposed Motion to Stay Pending Qualified Immunity Determination" (Doc. No. 46); "Goldman Sachs' Motion to Stay Discovery Pending Qualified Immunity Determination and Joinder" (Doc. No. 53); and the "State Defendants' Motion to Stay Proceedings Pending Determination of Immunity and Standing Issues" (Doc. No. 71) are **GRANTED**. All discovery in this matter is hereby **STAYED** and the Scheduling Conference set for November 18, 2014 is **VACATED**. The parties shall file a Joint Status Report within ten

days of a ruling on the motions to dismiss, if any portion of the case remains pending, to advise if the Scheduling Conference should be set.

Dated this 10th day of November, 2014.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge