**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14–cv–00844–REB–KMT

DRIVE SUNSHINE INSTITUTE, and
CLIFF SMEDLEY,

      Plaintiffs,

v.

HIGH PERFORMANCE TRANSPORTATION ENTERPRISE, *et al.,*

      Defendants.

**ORDER OVERRULING PLAINTIFF'S OBJECTION
TO ORDER OF THE UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matter before me is the objection contained in the **Motion To Vacate and Objection To Order [#110] Re Motion for Restricted Access [#91]** [#113][1] filed February 20, 2015. I overrule the objection.

The objection pertains to non-dispositive matters that were referred to the magistrate judge for resolution. Pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(a), I may modify or set aside any portion of an order of a magistrate judge which I find to be clearly erroneous or contrary to law. Having reviewed the apposite motion, responses, and reply, the order of the magistrate judge, and the plaintiff's objection, I conclude that the order of the magistrate judge is not clearly erroneous or contrary to

---

[1] "[#113]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

law. Therefore, I overrule the objection [#113].

The underlying motion [#91] is a motion for restricted access to a certain document filed by the plaintiffs.  The plaintiffs sought a Level 2 restriction.  In her order [#110], the magistrate judge cited valid reasons to grant the motion, but determined that a Level 1 restriction, rather than a Level 2 restriction, was proper.

One novel contention raised in the objection is that the magistrate judge exceeded her authority in issuing her order because the order makes a dispositive ruling on the question of the level of restricted access to be applied to a filing in this case.  Citing the order of reference [#7] to the magistrate judge, the plaintiffs note that the order authorizes the magistrate judge to hear and make recommendations on dispositive matters that have been referred as defined in 28 U.S.C. § 636(b)(1)(A).  The dispositive matters defined in § 636(b)(1)(A) are, in essence, motions that dispositive of a claim in a civil or criminal case, motions to suppress evidence in a criminal case, motions for injunctive relief, and motions for class certification.  The motion in question here does not fall within the dispositive matters defined in § 636(b)(1)(A).  Rather, the magistrate judge had full authority to address and resolve the motion for restricted access [#91].

**THEREFORE, IT IS ORDERED** as follows:

1. That under Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1)(A), the objection stated in the **Motion To Vacate and Objection To Order [#110] Re Motion for Restricted Access [#91]** [#113] filed February 20, 2015, is overruled; and

2. That to the extent the **Motion To Vacate and Objection To Order [#110] Re**

**Motion for Restricted Access [#91]** [#113] filed February 20, 2015, can be read as a motion rather than an objection, the motion is denied.

Dated September 8, 2015, at Denver, Colorado.

BY THE COURT:

*Bob Blackburn*
Robert E. Blackburn
United States District Judge